INSURANCE COMPANY OF NORTH AMERICA v RADIANT
ELECTRIC COMPANY

1. PRODUCTS LIABILITY—IMPLIED WARRANTY—SALE OF SERVICES.

   Implied warranties, apart from those imposed by statute, may apply to the sale of services as well as to the sale of goods.

2. PRODUCTS LIABILITY—IMPLIED WARRANTY—SALE OF SERVICES.

   There was an implied warranty of fitness and merchantability with respect to the manner in which a contractor installed electrical cable in a building where the cable was to be used for handling electricity, a dangerous force.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 June 26, 1974, at Detroit. (Docket No. 17520.) Decided September 10, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Insurance Company of North America, as subrogee of Golcheff Brothers Investment Company, against Radiant Electric Company for negligence and breach of implied warranty. Judgment for plaintiff. Defendant appeals. Affirmed.

*Harvey, Kruse & Westen, P. C.* (by *John F. Milan),* for plaintiff.

*Smith, Shampo & Gaber (Norman L. Zemke,* of counsel), for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Products Liability § 7.
   * Circuit judge, sitting on the Court of Appeals by assignment.

CHURCHILL, J. Golcheff Brothers Investment Company was the owner of an apartment building under construction in Harrison Township, Macomb County. Radiant Electric Company, the defendant, contracted to install the electrical wiring and proceeded to do so. On March 4, 1971, before construction was complete, a major fire occurred in the building. The plaintiff insurance company paid the fire loss and brought this action, as subrogee, to recover their loss. The jury returned a verdict in the sum of $45,650.

The court submitted the case to the jury on the following theories:

1. Negligent installation of a clamp or clamps around a main electrical feeder cable.

2. Negligent inspection or failure to inspect the manner in which the clamps were installed.

3. That the defendant impliedly warranted that it would use proper materials, that the defendant impliedly warranted that such materials would be installed in a proper manner and that the defendant breached such warranties, either because the cables were improperly installed or because the cables were internally defective.

On appeal the defendant claims that the pleadings did not sufficiently inform the defendant of the plaintiff's theories of implied warranty. The plaintiff's pleadings in this case fall short of the ideal but it is clear from the record that the defendant was well prepared to try and to argue all issues actually presented to the jury, and that no miscarriage of justice resulted from deficiencies in the pleadings.[1]

The defendant also attacks the sufficiency of the evidence. Our review of the record discloses that there was sufficient evidence to support the jury's

[1] See *McKinch v Dixon,* 391 Mich 282; 215 NW2d 689 (1974).

general verdict under each of the alternative theories of recovery.

The defendant expressed his final issue on appeal as follows:

"Does the Uniform Commercial Code apply to services as well as goods?"

To frame the question in this manner is to misconceive the legal theory that supported the court's instruction to the jury on implied warranty. Apart from statute, implied warranties may apply.[2] They may apply to the sale of services as well as to the sale of goods. *Buckeye Union v Detroit Edison,* 38 Mich App 325; 196 NW2d 316 (1972). In *Buckeye,* the limits of the doctrine are not defined. Here we have a combination of factors. The services involved the installation of goods supplied by the supplier. The statutory implied warranty applies to the goods being installed.[3] As in *Buckeye,* the goods being installed were to be used for handling electricity, a dangerous force. We do not hesitate to rule that under such circumstances there is an implied warranty of fitness and merchantability with respect to the manner in which the goods were installed.

For these reasons the judgment in favor of the plaintiff is affirmed.

All concurred.

---

[2] *Piercefield v Remington Arms Co,* 375 Mich 85; 133 NW2d 129 (1965).

[3] MCLA 440.2314; MSA 19.2314.