## Dembinski v. Blue Ridge Real Estate

*Raymond J. Quaglia*, for plaintiff.
*Hugh M. Emory*, of *Duane, Morris and Heckscher*, for defendant.

LAVELLE, *P.J.*, December 13, 1978—Before the court are defendant's preliminary objections to the complaint consisting of a demurrer and a motion to strike, both of which apply only to the second count of the complaint.

The issue raised by the demurrer is whether implied warranty law applies to the purchase of a lift ticket or the operation of a chairlift at a ski area.

Defendant's motion to strike is based upon plaintiff's failure to attach the ski lift ticket to his complaint in violation of the provisions of Pa.R.C.P. 1019(h). We are able to dispose of the objections on the basis of the demurrer and therefore will not reach the question raised in the motion to strike.

Plaintiff's complaint seeks damages for personal injuries allegedly sustained on January 4, 1977, in a chairlift accident at a ski resort operated by defendant. Count 2 alleges that "defendant impliedly and expressedly warranted that the lifts were safe and would be properly operated by experienced personnel." (Paragraph 8)

In this assumpsit count, plaintiff seeks to impose strict liability upon defendant for breach of implied warranties of merchantable quality and fitness for purpose implied under the Uniform Commercial Code of April 6, 1953, P.L. 3, sec. 1-101 et seq., 12 A P.S. §1-101 et seq., thereby precluding the necessity of establishing negligence.

## DISCUSSION

Pennsylvania, along with most other foreign jurisdictions, has gradually eroded the original requirement that the seller and purchaser of a chattel be in direct privity of contract. In such decisions as Hochgertel v. Canada Dry Corp., 409 Pa. 610, 187 A. 2d 575 (1963); Loch v. Confair, 361 Pa. 158, 63 A. 2d 24 (1949); Miller v. Preitz, 422 Pa. 383, 221 A. 2d 320 (1966), and Kassab v. Central Soya, 432 Pa. 217, 246 A. 2d 848 (1968), the Supreme Court has considerably relaxed the requirements for both horizontal and vertical privity: Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377, 307 A. 2d 398 (1973), aff'd 457 Pa. 24, 319 A. 2d 903 (1974),

eliminated entirely the requirement of horizontal privity.

Some jurisdictions have even extended implied warranties to situations other than sales, as originally contemplated by the Uniform Commercial Code. In Cintrone v. Hertz Truck Leasing & Rental Service, 45 N.J. 434, 446, 212 A. 2d 769 (1965), the New Jersey Supreme Court allowed an employe of the lessee of the truck to recover against the lessor for breach of an implied warranty of fitness for purpose. In so holding, the court observed:

"There is no good reason for restricting such warranties to sales. Warranties of fitness are regarded by law as an incident of a transaction because one party to the relationship is in a better position than the other to know and control the condition of the chattel transferred and to distribute the losses which may occur because of a dangerous condition the chattel possesses. These factors make it likely that the party acquiring possession of the article will assume it is in a safe condition for use and therefore refrain from taking precautionary measures himself." 212 A. 2d 775.

No jurisdiction, however, notwithstanding the progressively liberal trend of reported decisions, has extended warranty liability to the rendition of services as opposed to the sale or other disposition of a chattel. See, generally, Application of Rules of Strict Liability In Tort To Person Rendering Services, 29 A.L.R. 3d 1425.

In a case factually similar to that presented at bar, the Court of Appeals of Michigan rejected a liability theory based upon the alleged existence of "implied warranties as to safety in the operation of

a rope tow." The court held that any "implied warranty of safety" could be nothing other than an implied promise not to operate the rope tow in a negligent manner, which cause of action essentially sounds in trespass: Lewis v. Big Powderhorn Mt. Ski Corp., 69 Mich. App. 437, 440, 245 N.W. 2d 81 (1976):

"But, as it is not (and cannot seriously be) contended that 'strict liability' should lie for operation of the rope-tow, any 'implied warranty of safety' can be nothing other than an implied promise not to operate the rope-tow in a negligent manner. And this question, negligent operation, is precisely that which the jury was properly allowed to determine." at 82. We agree with the reasoning and the result in the Lewis case, supra.

There is nothing in plaintiff's pleading to suggest that the equipment used by defendant in the operation of the ski lift was in any way defective or unfit for the purpose for which it was intended. Rather, it would appear that any actionable injury sustained by plaintiff was caused by the active or passive negligence of defendant's employes in the operation of the equipment. It is clear, therefore, that plaintiff's cause of action sounds entirely in trespass.

For the foregoing reasons, we enter the following

## ORDER

And now, December 13, 1978, defendant's preliminary objections are sustained and count 2 of plaintiff's complaint is stricken.