SHIMEL v. INTERSTATE MOTOR FREIGHT SYSTEM.

INTERSTATE MOTOR FREIGHT SYSTEM v. MacARTHUR
ROOFING & SHEET METAL COMPANY.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—
INTERSECTION.

Contributory negligence of driver of pickup truck pulling a 4-
wheel flat bed trailer which was involved in collision with tractor
and semi-trailer overtaking the pickup outfit at an intersection
*held*, properly left as a question of fact to jury, under vary-
ing evidence showing pickup driver had looked at his rearview
mirror from 150 to 300 feet from intersection where he started
to make a left turn and disputed evidence as to whether his
brake lights and turn signals were operating.

2. SAME—NEGLIGENCE—QUESTION FOR JURY—TRACTOR—TRAILER—IN-
TERSECTION—OVERTAKING VEHICLES.

Negligence of driver of tractor and semi-trailer in attempting to
overtake and pass a pickup truck pulling a 4-wheel flat bed
trailer which suddenly started to make a left turn on a 2-lane
highway at an intersection *held*, properly left to jury under
proper instructions under evidence adduced.

3. SAME—NEGLIGENT ENTRUSTMENT—PROOFS IN CHAMBERS.

Appellant's contention that refusal of trial court to hear proposed
proofs as to negligent entrustment in chambers prior to trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  8 Am Jur 2d, Automobiles and Highway Traffic § 1013.
[3]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 898, 1008; 53
Am Jur, Trial §§ 11, 21.
[4]  8 Am Jur 2d, Automobiles and Highway Traffic § 1033.
[5, 7]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 940, 942,
943.
[6]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 884, 998.
[8]  5 Am Jur 2d, Appeal and Error § 890.
[9]  8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
[10]  8 Am Jur 2d, Automobiles and Highway Traffic § 1019.
[11]  22 Am Jur 2d, Damages § 209.
[12]  22 Am Jur 2d, Damages § 305.
[13]  5 Am Jur 2d, Appeal and Error §§ 882, 886, 887.

in negligence action resulting from collision between a truck and a tractor and semi-trailer was prejudicial *held*, not supported by the record, which indicates that court did hear such proof in chambers.

4. SAME—NEGLIGENT ENTRUSTMENT—PRELIMINARY INSTRUCTIONS—COURT RULES—DISCRETION OF COURT.

Appellant's contention in action resulting from truck collision that trial court erred in refusing to give requested preliminary instructions for the purpose of distinguishing negligence from negligent entrustment, and to caution the jury that proofs offered on the negligent entrustment should not influence their deliberations in negligence *held*, not well taken, where the court did give an adequate preliminary charge, supplying the jury with a fair and full statement of these issues, considering the discretionary nature of the court · rule concerned with preliminary instructions (GCR 1963, 516.3).

5. SAME—NEGLIGENT ENTRUSTMENT—EVIDENCE OF DRIVER'S RECORD.

Appellant corporation's contention that trial court erred in allowing the jury to consider the secretary of State's traffic record of appellant's driver, after it was established that appellant had no knowledge of such record, *held*, without merit, where record shows appellant had information of the driver's traffic history, a fact sufficient to make a jury question of appellant's knowledge of the subject.

6. SAME — PLEADING — EVIDENCE — NEGLIGENT ENTRUSTMENT — QUESTION FOR JURY.

Evidence adduced in consolidated actions arising out of collision between left-turning pickup truck pulling a 4-wheel flat bed trailer and tractor with semi-trailer wherein owner of latter rig was alleged to have been guilty of negligent entrustment of the vehicles to its driver *held*, sufficient to have presented issue of negligent entrustment to jury and to have justified denial of such owner's motions to strike all matters relating to negligent entrustment.

7. EVIDENCE—CONVERSATION—ADMISSIBILITY.

Witnesses' testimony as to a conversation had with personnel of appellant corporation relative to traffic record of appellant's driver *held*, admissible, where it was offered to prove that the conversation occurred and not the truth of the matters asserted therein.

8. APPEAL AND ERROR—EVIDENCE—QUESTIONS FOR JURY—INSTRUC-
TIONS.

It must be assumed on appeal that the jury followed the instruc-
tions given to it by the court and returned their verdict ac-
cordingly based on the determination of the disputed factual
issues involved in the case.

9. AUTOMOBILES — STOPPING — ASSURED CLEAR DISTANCE — INSTRUC-
TIONS—SUDDEN EMERGENCY.

Instruction given relative to basic speed law, containing a state-
ment on ability to stop within the assured clear distance, in
action arising out of collision between left-turning pickup truck
pulling a 4-wheel flat bed trailer and overtaking tractor and
semi-trailer attempting to pass on a 2-lane highway at an in-
tersection *held,* not prejudicial or reversible error, where owner
of overtaking equipment requested and received a charge on sud-
den emergency (CLS 1961, § 257.627).

10. APPEAL AND ERROR—REQUEST TO CHARGE—UNSUBMITTED ISSUES.

Refusal of request to charge in consolidated actions that jury
should not conjecture or guess as to what, if any, other claims
might have arisen out of accident or as to their disposition,
if any, and that such matters were irrelevant *held,* proper, since
such request would raise, rather than allay, reactions of con-
jecture and confusion.

11. NEGLIGENCE — EVIDENCE OF WORKMEN'S COMPENSATION PAY-
MENTS.

Evidence concerning receipt of workmen's compensation benefit
payments by an injured employee was properly denied ad-
mission in such employee's negligence action against a third-
party tort-feasor, even to show that he was claiming lost time
since the accident due to the injuries resulting therefrom during
employment, although he had claimed workmen's compensation
benefits for only a portion of the time lost.

12. SAME—PERMANENT DISABILITY—EVIDENCE.

Refusal to strike testimony as to permanent disability of plaintiff
injured employee whose history of asthma and other sickness
was not denied *held,* not error in negligence action, where
there was evidence that some of such plaintiff's disability was
attributable to this accident.

13. APPEAL AND ERROR—EVIDENCE—QUESTIONS FOR JURY.

Remand for entry of a judgment notwithstanding verdict or for
a new trial of consolidated actions by injured employee against
alleged tort-feasor and action by latter against owners of
pickup and 4-wheel flat bed trailer being pulled *held,* unneces-

sary, where evidence supported jury's determination on questions of fact in favor of plaintiff employee and his employer.

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 March 9, 1966, at Grand Rapids. (Docket Nos. 1,055, 1,056.) Decided November 22, 1966. Rehearing denied January 6, 1967. Leave to appeal denied by Supreme Court March 22, 1967. See 379 Mich 756.

Declaration by Allen M. Shimel against Interstate Motor Freight System, a Michigan corporation, for damages resulting from a collision between a truck driven by plaintiff Shimel and a tractor and semi-trailer driven by defendant Interstate's employee. Declaration by Interstate Motor Freight System against MacArthur Roofing & Sheet Metal Company, a Michigan corporation, Michigan Millers Mutual Insurance Company, a Michigan corporation, and Universal Farm Sales, Inc., a Michigan corporation, for damages to their truck and semi-trailer resulting from the collision with the truck driven by Allen M. Shimel. Cases consolidated for trial and appeal. Judgments for plaintiff Shimel, MacArthur Roofing & Sheet Metal Company and Michigan Millers Mutual Insurance Company. Interstate Motor Freight System appealed in both cases. Affirmed.

*Robert R. Day* (*Roger J. Oeming,* of counsel), for plaintiff Shimel.

*Heilman, Purcell, Tunison & Cline* (*George M. Tunison,* of counsel), for MacArthur Roofing & Sheet Metal Company and Michigan Millers Mutual Insurance Company.

*Cartwright, Walker & Stenglein* (*Harvey D. Walker,* of counsel), for Interstate Motor Freight System.

Fitzgerald, P. J.   The statement of facts of the instant case, which consumes 19 pages in appellant's brief, can be abridged to the following statements, notwithstanding the additions of appellees thereto.

This case arises from a collision between a truck and a semi-trailer which occurred on September 2, 1960, at approximately 11:30 a.m. on Highway M-46 between Saginaw and Hemlock, Michigan, at which point the highway is a two-lane east-west road.   The accident occurred at or near the intersection of Highway M-46 and Raucholz road, crossing M-46 running north and south.

At the time of the accident, the weather was clear and the pavement dry.   M-46 is a through road and there are stop signs on Raucholz road for M-46.

Interstate Motor Freight System's driver Burbank was proceeding west on M-46 at 40 to 45 miles per hour and had been following plaintiff Shimel's pickup truck pulling a flat bed, four-wheel trailer for some eight miles.   The Interstate Motor Freight System unit was comprised of a tractor and semitrailer.

Burbank, on finally seeing that there was no oncoming traffic and seeing no sign of intended change of the path of travel of the pickup, and when perhaps 900 to 1,200 feet from Raucholz road, an intersection of which he was not aware at that time, pulled to his left to pass.   He traveled 660 to 1,000 feet in the lefthand lane and gradually overtook the pickup and trailer.   Because he had seen the trailer swing close to and onto the centerline, he sounded his horn several times.   When the front of his tractor was opposite some portion of the rear half of the pickup truck, the pickup truck made a sudden sharp turn to its left.   Burbank claimed to have seen no turn or stop signal to that time.   At that point, Burbank pulled to his left and applied his brakes and, with

the right front of his tractor still somewhere in the left lane, a collision occurred between the right front of the tractor and the pickup at a point just back of and at the left door. This caused Burbank to go further to his left across Raucholz road and into an 8 or 10 foot ditch running north-south along the west side of Raucholz road. The tractor came to a stop in the ditch and the semi-trailer came forward, crushing the cab. The pickup truck and trailer came to a stop with the pickup in the east-west ditch along the south of M-46 just west of Raucholz road.

Suit was commenced by Interstate Motor Freight System to recover the cost of repairs to its equipment from MacArthur Roofing & Sheet Metal Company, owner of the pickup truck and employer of its driver, Allen M. Shimel, as well as Universal Farm Sales Company, owner of the four-wheel trailer being pulled by the pickup truck. Suit was also started by Allen M. Shimel against Interstate Motor Freight System in connection with claimed injuries arising out of the accident. Following motions and counter-motions, these actions were consolidated, as well as a claim by Michigan Millers Mutual Insurance Company, insurer of MacArthur Roofing & Sheet Metal Company in connection with its subrogation claim for cost of repairs to the pickup truck.

Plaintiff Allen M. Shimel brought suit based on two theories, one of negligence on the part of defendant Interstate Motor Freight System and its driver, and the other on the claim of negligent entrustment by Interstate Motor Freight System of its unit to its driver, Burbank. At the time of trial and in the court's chamber, following a discussion by the court with plaintiff Shimel's counsel, motions were made to strike the theory of negligent entrustment for preliminary instruction thereon, but the

court ruled that the cases could go before the jury on the basis of both theories.

Following trial, the jury came in with a verdict of $18,000 for plaintiff Shimel, $100 for MacArthur Roofing & Sheet Metal and $713 for Michigan Millers Mutual Insurance Company against Interstate Motor Freight System and no cause for action in the case wherein appellant was plaintiff.

On appeal, appellant Interstate Motor Freight System assigns numerous grounds of error, first contending that plaintiff Shimel was contributorily negligent as a matter of law. Close scrutiny of the record, however, does not support this contention and, indeed, bears out the fact that plaintiff Shimel's contributory negligence was a fact question. He testified variously that his last look in the rear view mirror was, or could have been, 150, 200, 250 or even 300 feet from the intersection. Concurrently, whether or not his brake lights and turn signal were operated was a matter of dispute. Such variances in testimony lead only to the conclusion that the question of contributory negligence became one for the jury. Reasonable minds could surely differ as to the prudence of plaintiff's turn and whether or not it could be made in safety. The jury, however, after hearing all of the testimony, decided favorably for plaintiff Shimel.

On the question of whether the jury's finding that Interstate, through its driver Burbank, was negligent is supported by the law and the evidence, we must first point out that the determination of this question lay in the hands of the jury and, with proper instructions, is entirely within their province to decide. The record is replete with evidence now favorable to plaintiff, again favorable to defendant, then to plaintiff, and so forth, running through the jury's mind like a motion picture film rapidly pro-

jected. Individual frames of that film, however, examined in each juror's mind, resulted in the finding of negligence which is supported by the record.

Appellant's third question assumes a fact which is not necessarily true. It asks whether the trial court's refusal to hear proposed proofs of appellant Interstate as to negligent entrustment prior to the trial, in chambers, was prejudicial. The trial court did hear proofs in chambers on the negligent entrustment theory. Perhaps not all that appellant wanted it to hear, but enough to satisfy the trial court and the guidelines suggested in *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563.

Appellant Interstate presented a request for preliminary instruction for the purpose of distinguishing negligence from negligent entrustment, and also to caution the jury that proofs offered on the negligent entrustment should not influence their deliberations on negligence. While declining to give the proffered instructions, the court did cover this in his preliminary charge.

GCR 1963, 516.3, states as follows:

"Preliminary Instructions. At any time during the trial the court may, with or without request therefor, instruct the jury on any point of law whenever such instructions will materially aid the jury to understand the proceedings and to arrive at a just verdict. No party may assign as error the giving of a preliminary instruction unless objection is made prior to the submission of the case to the jury, and the failure of the court to give a preliminary instruction may not be assigned as error in any case."

Coupling the discretionary nature of the court rule with an examination of the instructions actually given to the jury on these points reveals that an adequate preliminary charge was delivered. That charge ended with this statement:

"So, for this reason, I ask that you keep your minds open during the entire trial of this case until you get into that jury room and until you receive further instructions from this court on the theory of—on the two theories that are propounded here by the plaintiff, Allen Shimel."

Those further instructions were forthcoming and supplied the jury with a full and fair statement.

Appellant's next assignment of error is phrased in a manner tending to mislead. Appellant asks whether the trial court erred in allowing the jury to consider the Michigan secretary of State's traffic record of Interstate's driver, Burbank, *after it was established that appellant had no knowledge of such record.* While it appears appellant had no knowledge of the secretary of State's driving record for Burbank, there is indication that appellant had information on Burbank's driving history, a fact sufficient to make a jury question of appellant's knowledge of the subject. *Perin* v. *Peuler* (on rehearing, 1964), 373 Mich 531, states categorically that the negligent entrustment rule requires proof of knowledge or an inference of knowledge on the part of the owner or lender of the unfitness or incompetence of the entrusted driver and we feel that the record before us offers a sufficient basis for such inference. While Interstate's manager, William Whitehead, consistently denies knowledge of the contents of the secretary of State's driving record prior to hiring Burbank, he admits to hearing comments on his past record some time prior to employing him and making no investigational inquiry about this record and then specifically:

"*Q.* In any case, during the term of his employment and before the accident, you did find out at least some comments that his record was not good prior to the time you hired him?

"*A.* Yes."

·The jury was properly given an opportunity to consider appellant's knowledge of the subject.

Appellant's assertion that the testimony of witness Forrest Marble regarding a conversation had with Interstate personnel, relative to driver Burbank's driving record as learned by Marble from unidentified persons, was not admissible as hearsay was settled definitively by this Court in *Matthews v. Aluminum Acceptance Corporation* (1965), 1 Mich App 570. Marble's testimony was offered to prove that the conversation occurred and not the truth of matters asserted therein, and no error resulted.

Appellant asks further whether the trial court erred in refusing to grant its motions at the close of plaintiff's proofs and at the close of the trial to strike all matters relating to negligent entrustment. This motion was in line with appellant's entire conduct and strategy during the trial, seeking to expunge any reference to negligent entrustment. The decision of the trial court in refusing this motion reflects its belief that a proper jury question had been presented. We find an ample basis in the record to support the court's decision here.

In addition, facts were adduced supporting plaintiff's owner-liability theory and it must be assumed that the jury followed the instructions of the court and returned their verdict accordingly based on the determination of the disputed factual issues involved in the case. *Watson v. Dax* (1952), 334 Mich 320.

Appellant's eighth assignment of error asks whether it was prejudicial error under the facts of the case for the trial court to give a charge on stopping in the assured clear distance ahead and referring to CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327) relating to the basic speed law. It is true that the basic speed law was given and that it contains a statement on assured clear distance. Ap-

pellant, however, requested and received a charge on sudden emergency, and it was fair and proper to give the basic speed law. The charge as given adequately represented the factors to be considered by the jury.

For further assignment of error, appellant asks whether it was prejudicial for the trial court to refuse to give the following requested instruction:

"I charge you that, in this case, we have had consolidated a number of lawsuits, including claims and counterclaims. I charge you that you may not conjecture or guess as to what, if any, other claims might have arisen out of this auto accident or as to their disposition, if any. These are matters which are irrelevant and testimony is not allowed to come before the jury on this subject."

To our way of thinking, it could have been error to give the charge as requested by appellant, thus raising the possibility of conjecture and confusion rather than to allay these reactions.

Appellant's next question asks, "Was it prejudicial error for the trial court to refuse to allow appellant to introduce records of workmen's compensation benefits received by plaintiff for the purpose of showing only that although he claimed he had lost time since the accident due to his injuries resulting therefrom during employment, he did not claim benefits beyond the first 12 weeks of disability." In view of the flat holding of *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, that such evidence should not be admitted, no detailed reanalysis is appropriate here. See, also, *Leitelt Iron Works* v. *De Vries* (1963), 369 Mich 47. Nor could such records be introduced with specialized charges such as those suggested by appellant. The attendant dangers of allowing such evidence and the firm case

law mandate against it convinces us that the trial court's action in refusing such evidence was sound.

Appellant finally asks whether the trial court committed prejudicial error in refusing to strike testimony as to permanent disability and we answer this in the negative. There was evidence from which the jury could find some of plaintiff's permanent disability attributable to this accident. Though plaintiff Shimel had a history of asthma and other sicknesses, this fact was brought to the jury's attention and not denied by the plaintiff. The fact that serious injuries resulted from the accident was properly received.

On the record before us and the errors assigned, we see no reason for remand to the trial court for entrance of a judgment notwithstanding the verdict or for a new trial based on error.

The judgments of the trial court are affirmed. Costs to appellee.

BURNS and J. H. GILLIS, JJ., concurred.