### DAY v. MINOR WALTON BEAN COMPANY

New Trial—Motions—Discretion.

>A motion for a new trial on the ground that the verdict is contrary to the great weight of evidence is addressed to the trial judge's discretion, and on appeal is reviewed for abuse of discretion.

Appeal from Eaton, Richard Robinson, J. Submitted Division 3 January 6, 1970, at Lansing. (Docket No. 6,834.) Decided February 23, 1970.

Complaint by Joseph Edward Day against Minor Walton Bean Company for damages sustained in a truck-automobile accident. Judgment for defendant. Plaintiff appeals. Affirmed.

*Glassan, Parr, Rhead & McLean,* for plaintiff.

*Eric E. Humpsch* and *Seth R. Burwell,* for defendant.

Before: Levin, P. J., and Holbrook and Bronson, JJ.

Per Curiam. Plaintiff was a passenger in an automobile which collided with a tractor-trailer truck on a one-lane bridge, 40 feet in length. After a jury trial on the merits, a verdict of no cause of action was returned in favor of defendant. Plaintiff's motion for a new trial on the ground that the verdict

Reference for Points in Headnote

5 Am Jur 2d, Appeal and Error §§ 833, 882, 887.

was contrary to the great weight of the evidence was denied. Plaintiff assigns as error the denial of his motion for a new trial.

The driver of the automobile in which the plaintiff was traveling was killed. At the trial the plaintiff and the driver of the truck testified. Plaintiff said that a short distance before the bridge the automobile in which he was riding slowed and pulled slightly to the right and then pulled back and entered the bridge. As the automobile entered the bridge he observed defendant's truck 75 to 100 feet from the opposite entrance to the bridge; the trailer unit attached to the truck was "snaking." After crossing the bridge plaintiff had no further recollection and no recollection of the collision.

The truck driver testified that he too observed plaintiff's automobile make a turn to the right and that it slowed down when doing so. He interpreted this as a signal to him to cross the one-way bridge ahead of plaintiff's automobile and he proceeded to do so. As he approached to within 50 feet of the bridge he observed plaintiff's vehicle, then 100 feet from the opposite end of the bridge, suddenly alter its course and head onto the bridge at a greatly accelerated speed. The truck driver said that he stepped on the brakes, the trailer began to swerve and then he accelerated in an attempt to control his unit. He said he was too close to the bridge at the time to stop and that he turned to the extreme right of the bridge. The truck knocked down the east railing. The automobile did not touch the west railing. The evidence is in conflict as to whether the vehicles collided on the bridge or at the end of the bridge from which the truck entered.

The automobile struck the tractor at the fuel tank located behind the cab, and then struck various parts of the trailer.

A motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence is addressed to the trial judge's discretion, and on appeal is reviewed for abuse of discretion.[*] The trial judge did not abuse his discretion when he concluded that the verdict in this case was not contrary to the great weight of the evidence. The jury could have properly concluded that even if the truck driver had had his truck under better control when he first observed, or should have observed, the automobile in which the plaintiff was traveling proceed to cross the bridge, he could not have prevented the collision because of the actions of the driver of the automobile in greatly accelerating his speed, and, thus, any negligence of the truck driver was not the cause of the plaintiff's injuries.

Affirmed. Costs to defendant.

---

[*] 9 Callaghan's Michigan Pleading & Practice (2d ed), § 65.94a, p 371, 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 527, authors' comments, p 113; *Termaat v. Bohn Aluminum & Brass Company* (1961), 362 Mich 598, 602.