CRANSON v. EASTMAN

1. New Trial—Motions—Discretion.

A motion for a new trial on the ground that the verdict is contrary to the great weight of the evidence is addressed to the discretion of the trial judge, and on appeal will be reviewed for abuse of discretion.

2. Appeal and Error—Instructions to Jury—Automobiles—Negligence.

In the absence of proof of jury misconduct, it must be assumed that the jury followed the instructions given by the trial court as to not imputing negligence of the plaintiff-driver to the plaintiff-guest passenger.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 November 12, 1970, at Lansing. (Docket No. 8946.) Decided December 7, 1970. Leave to appeal denied February 11, 1971. 384 Mich 806.

Complaint by Evelyn Cranson and Wayne Cranson against Howard L. Eastman for damages for injuries incurred in an automobile accident. Verdict for defendant. Plaintiffs appeal. Affirmed.

*Sheffer, Bell & Bennett,* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster* (by *Robert W. Townsend*), for defendant.

Before: Quinn, P. J., and Danhof and Carroll,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial § 129.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 668–673.

PER CURIAM.    Plaintiff Evelyn Cranson was a guest passenger in the automobile driven by her husband, plaintiff Wayne Cranson, which collided with the automobile driven by defendant. After a jury trial on the merits, a verdict of no cause of action by either plaintiff was returned in favor of defendant.    Plaintiff Evelyn Cranson brought a motion for new trial on the grounds that the verdict was contrary to the great weight of the evidence and the jury failed to follow the instructions given by the trial court.    The motion for new trial was denied.    Plaintiff assigns as error the denial of her motion for new trial.

A motion for new trial on the grounds that the verdict is contrary to the great weight of the evidence is addressed to the trial judge's discretion, and on appeal is reviewed for abuse of discretion. *Day* v. *Minor Walton Bean Company* (1970), 22 Mich App 36.    There was sufficient evidence in the trial record to support the jury's verdict that the defendant was without fault; therefore, it was a proper exercise of the trial court's discretion to find that the verdict was not contrary to the great weight of the evidence.

Plaintiff asserts that the jury failed to follow the trial court's instruction as to not imputing negligence of the plaintiff-driver to the plaintiff-guest passenger.    Plaintiff offers no proof of jury misconduct; and therefore, it must be assumed that the jury complied with the trial court's instruction. *Shimel* v. *Interstate Motor Freight System* (1966), 5 Mich App 143.

The trial court properly exercised its discretion in its denial of the motion for new trial.

Affirmed with costs to defendant.