OPINION OF THE COURT
James H. Boomer, J.
The complaint is dismissed for failure to state a cause of action. "[I]t is clear that, under the Civil Practice Laws and Rules, the statements in pleadings are still required to be factual, that is, the essential facts required to give 'notice’ must be stated.” (Foley v D’Agostino, 21 AD2d 60, 63.) "[Notice of the transactions and occurrences constituting the cause of action is required, and a pleading consisting solely of conclusory allegations will be no more acceptable under the present practice than it was formerly.” (3 Weinstein-KornMiller, NY Civ Prac, par 3013.03.)
The complaint consists mainly of conclusory allegations sounding in breach of express warranty, breach of implied warranties of merchantability, fitness for use, and fitness for specific use, breach of fiduciary duty, gross negligence, and intentional tort.
The only facts we can glean from the complaint are: The plaintiff purchased from the defendant, American District Telegraph Co. (ADT), a burglar alarm system under a written contract which is attached to the complaint. The written contract required ADT install and maintain upon plaintiff’s premises a security alarm system, including wires necessary to transmit signals from the plaintiffs premises to ADT’s office. The entire system was to remain the personal property of ADT. ADT, in receipt of a burglar alarm transmitted from plaintiffs premises, was to relay the alarm promptly to the police department. The defendant’s employees made certain statements to the plaintiff, including the following: ADT was a very reliable firm which had been in business for several years, had an excellent staff and could render better service *1065 than any local firm, and that their systems were the best for the plaintiffs business and were foolproof, and were substantial deterrents to burglaries. After installation of the system, the plaintiffs premises were burglarized.
The complaint contains no allegation of fact stating in what respect any warranty was breached nor does it contain a statement of fact indicating that any breach was the proximate cause of the burglary. We are not told, for instance, whether there was a defect in the burglary alarm equipment so that the alarm failed to sound, or, if the alarm did sound, whether the defendant failed to transmit the alarm to the police, or, if the alarm was transmitted to the police, whether the police failed to respond. For all we know the police were alerted promptly, but the burglars acted too fast to be caught.
There are no allegations of fact supporting any intentional or grossly negligent acts or failures to act on the part of the defendant.
 There are no allegations of fact supporting a cause of action for breach of implied warranty. The Uniform Commercial Code, in treating implied warranties, refers specifically to the "sale” of "goods” (Uniform Commercial Code, §§ 2-314, 2-315). "A 'sale’ consists in the passing of title from the seller to the buyer for a price.” (Uniform Commercial Code, § 2-106, subd [1].) Here there was no sale, for the contract expressly provides that the materials were to remain the property of the defendant. Hence, no cause of action for breach of implied warranty can be based upon the code. At common law, however, an implied warranty may arise from a lease of goods (Hoisting Engine Sales Co. v Hart, 237 NY 30). Implied warranties do not attach to the performance of a service (Perlmutter v Beth David Hosp., 308 NY 100; Aegis Prods, v Arriflex Corp. of Amer., 25 AD2d 639). Even if it can be said that the installation of the burglar alarm equipment in the plaintiffs premises was a lease of that equipment, no implied warranty can attach to the service portion of the contract. There are no facts pleaded showing that the equipment was defective or even that it failed to operate.
Plaintiffs attorney, in the answering affidavit, requests that if the motion to dismiss be granted that he be given leave to replead. Where a motion to dismiss is granted "leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense; the court may require the party seeking *1066 leave to plead again to submit evidence to justify the granting of such leave.” (CPLR 3211, subd [e].) I am not satisfied that the plaintiff has a good cause of action. The contract signed by the parties specifically excludes any warranties, express or implied. Further, the agreement contains a clause which limits the defendant’s liability to 10% of the yearly service charge. An almost identical clause was held to be enforceable in Renaldi & Sons v Wells Fargo Alarm Serv. (39 NY2d 191, 194, 196-197). The clause in this case would limit plaintiff’s recovery to $30.
The affidavit requesting leave to replead was executed by plaintiff’s attorney who presumably has no knowledge of the facts. Furthermore, the affidavit is devoid of any facts indicating that the plaintiff has a cause of action. In the absence of evidence showing a good cause of action and in the absence of a proposed amended pleading, the request to replead is denied.