with the following memorandum: Petitioner appeals from a judgment which dismissed his application pursuant to CPLR article 78, for a judgment directing respondents to return to petitioner a sum allegedly taken out of his account at the Attica Correctional Facility, without authorization, representing payment for photographs ordered by petitioner. Petitioner's application was dismissed without an inquiry into the factual issues on the ground that the relief requested could not be obtained by this type of proceeding. (Cf. *Matter of Caggiano v Frank,* 44 AD2d 828.) Accordingly, this matter is remitted for a hearing at which respondents' answer to the petition may be received and a proper disposition of the case made. (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.

■ CARLTON HINES, Appellant, v ADRIEN L. TERRENOIRE et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, with costs, and verdict reinstated. Memorandum: Plaintiff appeals from orders which (1) set aside a jury verdict of $2,500 damages for personal injuries and property damage in a negligence action as contrary to the weight of evidence and excessive unless the plaintiff stipulate that the judgment be reduced to $1,400 and upon his failure to so stipulate directing a new trial on the issue of damages only and (2) vacating plaintiff's judgment for $2,500 plus costs as entered before the court ruled on the motion to set aside the verdict. The plaintiff refused to accept the reduced verdict. The case arises from an intersection accident between motor vehicles operated by the parties. The plaintiff sustained soft tissue injuries to the neck and shoulders requiring medical attention and producing subjective complaints of pain for over a year after the accident. Damages to his vehicle were stipulated in the amount of $319. We see only questions of fact which were resolved in plaintiff's favor by the jury upon sufficient evidence and the court erred in setting the verdict aside. (*Amerman v Lizza & Sons,* 45 AD2d 996, 999; see *Richards v So. Buffalo Ry. Co.,* 54 AD2d 310, 313; *Rice v Ninacs,* 34 AD2d 388, 390). (Appeal from order of Oswego Supreme Court—new trial.) Present—Marsh, P. J., Simons, Hancock, Jr., Denman and Witmer, JJ.

■ CARLTON HINES, Appellant, v ADRIEN L. TERRENOIRE et al., Respondents. (Appeal No. 2.)—Order unanimously reversed, without costs, and motion denied. Same memorandum as in *Hines v Terrenoire* (59 AD2d 1061). (Appeal from order of Oswego Supreme Court—vacate judgment.) Present—Marsh, P. J., Simons, Hancock, Jr., Denman and Witmer, JJ.

■ DAVID L. CRAIG, Doing Business as CRAIG AUDIO LABORATORY, Appellant, v AMERICAN DISTRICT TELEGRAPH Co., Respondent.—Orders unanimously affirmed, with costs, on the opinion at Special Term, Boomer, J. (Appeal from order and resettled order of Monroe Supreme Court—motion to dismiss.) Present—Marsh, P. J., Simons, Hancock, Jr., Denman and Witmer, JJ. [91 Misc 2d 1063.]

■ In the Matter of ROBERT B. SHAAD, Appellant.—Order unanimously affirmed, without costs. Memorandum: The court directed that appellant deliver his file in the underlying action to the attorney substituted in his place and allowed him a charging lien upon the proceeds of the pending lawsuit. The allowance of this charging lien was proper under section 475 of the Judiciary Law (see *Matter of Regan v Frisone, Inc.,* 54 AD2d 1125; see, also, *Matter of Cooper,* 291 NY 255). The amount of such lien should be determined on a *quantum meruit* basis, i.e., the reasonable value of the services rendered by appellant. *(Matter of Montgomery,* 272 NY 323.)* It was not necessary, however, that the court make such determination at the time