DeVALERIO v VIC TANNY INTERNATIONAL

Docket No. 65384. Submitted April 4, 1984, at Detroit.—Decided September 19, 1984.

Plaintiff, Olga DeValerio, brought an action against defendant, Vic Tanny International, seeking damages for a knee injury allegedly incurred while using a piece of equipment at one of defendant's health spas. Plaintiff relied on theories of negligence and breach of express and implied warranties. The Wayne Circuit Court, John H. Hausner, J., entered judgment on a jury verdict in favor of defendant. Plaintiff appealed, and defendant cross-appealed from the court's rulings on two motions. *Held:*

1. The trial court properly declined to give a requested jury instruction which was a significant alteration of the standard jury instructions and which was inapplicable.

2. The court did not abuse its discretion in refusing to grant a new trial based on defense counsel's alleged violations of an order *in limine* barring testimony regarding other injuries suffered by users of the leg press involved herein.

3. Plaintiff's failure to read a disclaimer clause in her contract with defendant before signing does not render the clause unenforceable.

4. The disclaimer clause at issue was not unconscionable and it was properly considered by the jury in its determination of whether defendant had disclaimed implied or express warranties.

5. The jury's verdict was not so contrary to the great weight of the evidence as to render the trial court's denial of the motion for a new trial an abuse of discretion.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 588-590, 610.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[2] 5 Am Jur 2d, Appeal and Error §§ 850, 851.

58 Am Jur 2d, New Trial §§ 212, 213.

[3, 4] 17 Am Jur 2d, Contracts § 149.

[4] 17 Am Jur 2d, Contracts § 188.

1. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

A properly requested standard jury instruction must be given if it is applicable and accurate; however, this rule does not apply where the requested instruction is a significantly modified version of the standard jury instruction (GCR 1963, 516.6[2]).

2. MOTIONS AND ORDERS — NEW TRIAL — APPEAL.

The grant or denial of a motion for a new trial is committed to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.

3. CONTRACTS — SIGNING OF CONTRACT.

Generally, the fact that a signatory to a contract did not read the contract before signing does not render the contract unenforceable.

4. CONTRACTS — DISCLAIMERS — BREACH OF WARRANTY.

A clause in a contract between a health spa and its member which disclaims all liability for injury to the member resulting from the use of the facilities is not unconscionable in the context of an injured member's claim for breach of implied or express warranties, and the clause may properly be considered by the jury.

*Leonard A. Siudara, P.C.* (by *Susan E. Morrison),* for plaintiff.

*Finney & Lewis, P.C.* (by *George R. Lewis),* for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and R. M. DANIELS,* JJ.

PER CURIAM. In this action plaintiff sought to recover damages for a knee injury allegedly suffered while using a vertical leg press machine at a health spa operated by defendant. Plaintiff relied on theories of negligence and breach of express and implied warranties. After a jury trial, a verdict for defendant was returned, and plaintiff appeals as of right. Defendant cross-appeals from the

* Circuit judge, sitting on the Court of Appeals by assignment.

court's grant of a motion *in limine* and the denial of defendant's motion for accelerated judgment.

Plaintiff first argues that the trial court erred by declining to give SJI2d 11.02. A properly requested standard jury instruction must be given if it is applicable and accurate. GCR 1963, 516.6(2); *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 697; 227 NW2d 543 (1975); *Socha v Passino,* 405 Mich 458, 466-468; 275 NW2d 243 (1979). This rule, however, does not apply where, as here, a significantly modified version of the standard instruction was requested. *Perry v Hazel Park Harness Raceway,* 123 Mich App 542, 545; 332 NW2d 601 (1983). Moreover, the instructions for use of SJI2d 11.02 indicate that it and its companion instruction, SJI2d 11.01, should be given "[i]f there is a question for the jury as to the negligence of one or more plaintiffs, but not as to other plaintiffs." There was only one plaintiff here, and there was no question for the jury as to the negligence of any plaintiff. The instruction therefore was not applicable.

Plaintiff argues that the trial court erred by declining to grant a motion for a new trial based on alleged violations by the defense counsel of an order *in limine.* The grant or denial of a motion for a new trial is committed to the sound discretion of the trial court; no basis for reversal is presented unless the court's discretion was abused. See, for example, *Manley v Detroit Automobile Inter-Ins Exchange,* 127 Mich App 444, 449-450; 339 NW2d 205 (1983). The order *in limine* at issue was drafted by counsel for plaintiff and was ambiguous as to whether it barred introduction of evidence concerning the absence of other injuries suffered during the use of the particular vertical leg press machine on which plaintiff allegedly suffered her injury or evidence concering the ab-

sence of other injuries suffered during the use of any such vertical leg press. Plaintiff did not object to the introduction of the testimony at issue at the time it was introduced on the ground that it violated the order *in limine,* although plaintiff objected to some of the testimony on other grounds. Instead, plaintiff waited until after the close of proofs to raise this issue. The trial court instructed the jury to disregard any testimony concerning the absence of other injuries suffered on a vertical leg press. On this record, the trial court did not commit an abuse of discretion by denying plaintiff's motion for a new trial.

Plaintiff argues that the trial court erred by permitting the jury to consider a clause of the parties' contract as evidence of a disclaimer of express and implied warranties. At issue is the following clause:

"5. Member, in attending said gymnasiums and using the facilities and equipment therein, does so at his own risk. Seller shall not be liable for any damages arising from personal injuries sustained by Buyer and/or Member in, on or about the premises of any of the said gymnasiums. Member assumes full responsibility for any injuries or damages which may occur to Member, in, on or about the premises of said gymnasiums and he does hereby fully and forever release and discharge Seller and all associated gymnasiums, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action present or future, whether the same be known or unknown, anticipated or unanticipated, resulting from or arising out of the Member's use or intended use of the said gymnasiums or the facilities and equipment thereof."

Plaintiff argues that she did not read this clause before signing the contract and that therefore it was not binding. We reject this argument on au-

thority of *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362-363; 314 NW2d 440 (1982):

"If a person signs a contract without reading all of it or without understanding it, under some circumstances that person can avoid its obligations on the theory that there was no contract at all for there was no meeting of the minds.

"But to allow such a person to bind another to an obligation not covered by the contract as written because the first person thought the other was bound to such an obligation is neither reasonable nor just."

Plaintiff points to UCC 2-316; MCL 440.2316; MSA 19.2316, and argues that the language of the clause was ineffective to disclaim the implied warranties of merchantability and fitness for a particular purpose established by UCC 2-314; MCL 440.2314; MSA 19.2314 and UCC 2-315; MCL 440.2315; MSA 19.2315. These sections, however, do not apply where, as here, the contract at issue is not one for the sale of goods. UCC 2-102; MCL 440.2102; MSA 19.2102. Warranties of merchantability and fitness for a particular purpose are, by their nature, inapposite to a contract for services like that at issue here. The clause at issue was an explicit and unambiguous disclaimer.

Plaintiff points to cases like *Gross v Sweet,* 49 NY2d 102; 424 NYS2d 365; 400 NE2d 306 (1979), and argues that the clause at issue was unconscionable. The trial court held that the clause at issue was ineffective as a disclaimer of liability caused by defendant's negligence but that the clause could properly be considered by the jury in determining whether defendant had disclaimed implied or express warranties. Such a distinction was drawn in *Gross v Sweet* itself; see 49 NY2d 109-110. Because

liability for breach of warranty is liability without fault, we see nothing unconscionable about such a disclaimer. On this record, the trial court did not err by admitting the contract.

Plaintiff also complains that, after the jury returned its verdict, it was discovered that the number of the clause containing the disclaimer had been circled on the copy of the contract given to the jury. Because nothing in the record suggests that the number was circled before the copy was given to the jury, no error is presented.

Finally, plaintiff argues that the jury's verdict was so contrary to the great weight of the evidence that the trial court abused its discretion by denying plaintiff's motion for a new trial. See, for example, *Cranson v Eastman,* 28 Mich App 560, 561; 184 NW2d 480 (1970). We cannot agree. The verdict on plaintiff's theories of express and implied warranties was amply supported by the disclaimer clause of the contract. The verdict on plaintiff's negligence theory was amply supported by the testimony of defendant's medical and physical education expert witnesses. No abuse of discretion is presented.

In view of our resolution of the issues raised by plaintiff, we need not address the issues raised by defendant on cross-appeal.

Affirmed.