Graham, J.
This is an action brought by plaintiff Pamela A. Nickerson (“Nickerson”) to recover damages allegedly suffered as the result of an injury sustained by the plaintiff while exercising at Nautilus Plus II (“Nautilus”), a health club located in Malden, Massachusetts. The plaintiff has alleged negligence, breach of warranty and violations of §93A against both the defendants. The action is now before the court on defendant Nautilus’s motion for summary judgment on Count II (breach of warranty) and Count III (§93A violation). For the reasons outlined below, defendant Nautilus’s motion for partial summary judgment is ALLOWED.
The undisputed facts are as follows:
On September 19, 1993, the plaintiff joined the Nautilus Plus II health club for a two-year period. Her membership entitled her to use of the club including use of the weight-lifting equipment. On September 23, 1990, while using said equipment, a stack of weights came down on one of Nickerson’s fingers, amputating the distal portion of her fifth finger.
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to a judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Further, “[a] complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Id. at 711 (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Count II — Breach of Warranty
Plaintiff alleges that defendant Nautilus breached implied warranties of merchantability and fitness for a particular purpose as outlined in G.L.c 106, §§2-314, 2-315, and 2-318.[1] In short, the plaintiff argues that her membership agreement with Nautilus II was the equivalent of a lease agreement between herself and Nautilus for use of the exercise equipment located within the club. The court notes, at the outset, that on the facts presented, this is a case of first impression for Massachusetts Courts. However, since the sections relied on by the plaintiff are adoptions of the Uniform Commercial Code, the court has also looked to other jurisdictions to see how they have handled similar circumstances.
After an extensive search, the court was able to find only one other case that was directly on point, DeValerio v. Vic Tanny Intern., 363 N.W.2d 447 (Mich.App. 1984). In DeValerio, the plaintiff brought a breach of warranty action against his health club after suffering knee injuries while using the club’s leg press machine. There, the court held that the membership contract was not a sale of goods, but rather a service contract.[2] Specifically, the court noted that the U.C.C. sections dealing with implied warranties do “not apply where, as here, the contract at issue is not one for the sale of goods. Warranties of merchantability and fitness for a particular purpose are, by their nature, inapposite to a contract for services like that at issue here.” Id. at 449.
Most other courts, in looking at analogous factual situations, have held similarly. Bolduc v. Herbert Schneider Corp., 117 N.H. 566, 374 A.2d 1187 (1987) (resort providing a passenger tramway or ski lift cannot be held liable for breach of warranty for injury resulting from use of tramway since resort is simply providing a service); Lewis v. Big Powderhorn Mountain Ski Corp., 69 Mich.App. 437, 245 N.W.2d 81 (1976) (ski lodge cannot be held liable for breach of warranty when guest is injured riding ski tow since the lodge is merely providing a service); Kennedy v. Providence Hockey Club, Inc., 376 A.2d 329 (RI 1977) (the seat sold to a spectator at an ice hockey game is not a sale of goods and therefore no warranty arises that spectator will not be hit by a flying puck); Craig v. American Dist. Tel. Co., 399 N.Y.S.2d 164 (1977) (contract for the installation and maintenance of a burglar alarm which ultimately remained the property of the alarm company is a service contract which gives rise to no implied warranties).
*364 The court is aware, however, of two somewhat analogous cases which have held the opposite. In both Garcia v. Halsett, 82 Cal.App.3d 130 (1970), and Washwell, Inc. v. Morejon, 294 So.2d 30 (Fla.App.1974), the courts allowed recovery on similar theories for plaintiffs who had been injured by coin-operated washing machines in public laundries. In both cases, the courts reasoned that, at very least, the plaintiff had a license from the defendants by virtue of paying to use the machines which would support a breach of warranty claim.[3] In the end, however, neither of these cases is persuasive in light of the majority opinion to the contrary as well as two analogous Massachusetts cases. Mason v. General Motors Corp., 397 Mass. 183, 190 (1986); Marques v. Bellofram Corp., 28 Mass.App.Ct. 277 (1990).
In Mason, the court held that no breach of warranty claim could be maintained against the car dealership who had loaned the decedent a car so he could take it for a test drive. As the Mason court noted, “the plaintiffs have not cited, nor has our research revealed, any case, in any of the 49 states that have adopted some version of article 2 of the Uniform Commercial Code, in which the court has implied a warranty of merchantability with respect to a bailment like the one involved in this case.” Id. at 190. The plaintiff correctly notes that Mason is distinguishable because in Mason, unlike the case at bar, there was no contract in existence at the time of the injury. The plaintiff is of course correct on that point, however the court is not persuaded that the SJC would have held differently in Mason had a written contract existed. Simply put, the SJC held that the relationship that had been established was not a sale or a lease, but a bailment and that c. 106 simply did not cover bail-ments. In the case at bar, the court cannot find that the plaintiff had a bailment over the exercise equipment since “possession” of the exercise equipment was never delivered to the plaintiff. Even assuming, arguendo, that a bailment had been established, Mason makes it clear that this would not be a sufficient basis for implying warranties.
Likewise, in Marques, supra, the court held that a corporation that had provided dies to another corporation so that the second corporation could produce products for the first had not sold or leased the dies to the second corporation so as to give rise to any implied warranty.
A warranty might possibly have attached if Belloframf, the first corporation] could be fairly understood to have leased the die to Cambridge!, the second corporation], but that would be a distortion of the transaction; it was better understood as amounting to a bailment or something on that order: Belloform retained ownership of the die and lent it to Cambridge for the purpose of enabling Cambridge to produce the air regulator parts. Whatever the exact characterization of the relationship, it was not such as to implicate a warranty.
Id. at 281-82 (citations omitted).
The characterization of the transaction in Marques seems applicable to the case at bar. Here, the plaintiff acquired no possessory interest in the exercise equipment by virtue of her club membership. At most, she acquired a license or perhaps a bailment over the equipment neither of which will support an imposition of implied warranties on defendant Nautilus under Massachusetts case law as it currently stands. Additionally, to the extent that the contract was one for services rather than goods, warranty liability would be equally inappropriate.
Count III — 93A Liability of Nautilus
The plaintiff alleged violations of §93A against Nautilus was based on the fact that a breach of implied warranty is a per se violation of §93A. Since the court has allowed summary judgment on the warranty claim, summary judgment must also be allowed on the 93A claim.
ORDER
For the reasons stated hereinabove, defendant Nautilus Plus II’s motion for partial summary judgment on Counts II and III are ALLOWED.

 Section 2-314 imposes an implied warranty of merchantability on the sale of goods; Section 2-315 implies a warranty for fitness for a particular purpose, and Section 2-318 extends these warranties to the lease of goods as well as the sale of goods. All of these sections are Massachusetts’s versions of Uniform Commercial Code Sections.

 The court is mindful of the fact that Michigan has not adopted the section of the U.C.C. which extends implied warranties to lease arrangements. However, the case is instructive to the extent that the DeValerio court relied on other grounds in granting the defendant’s summary judgment motion.

 The Garcia court actually allowed recovery on strict liability rather than specifically on a breach of warranty claim. The two claims, however, are similar enough for the purpose of this analysis.