Burnes, J.
I. INTRODUCTION
The parties are before the Court on the defendant ADESA Boston’s (“Adesa”) motion for partial summary judgment. Adesa seeks summary judgment on Count VI, alleging breach of warranty of merchantability, and Count VII, alleging a loss of consortium claim on behalf of defendant Dominick Evans (“Dominick”).[3] After a hearing and for the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.
II. BACKGROUND
This case arises out of injuries allegedly received by one of the plaintiffs, Robert Evans (“Evans”), while on the property of Adesa. Adesa is an automobile auction business. Automobile dealers who wish to purchase automobiles from Adesa pay a fee to enter the property and shop for vehicles. A buyer who has paid a fee to be able to shop at Adesa is not under any obligation to purchase any vehicle, or any set number of vehicles.
Evans is an automobile dealer for Parker Street Motors. As of March 6, 1998, Evans had paid a fee to Adesa in order to be able to shop for automobiles. On March 6, 1998, Evans entered onto the Adesa property to shop for automobiles. He was not looking for any particular automobile, and had no specific plans to buy a set number of automobiles.
Evans became interested in a 1992 Geo Metro (“vehicle”). It is undisputed that while Evans was sitting in the vehicle, he started the engine and the vehicle shot forward, hitting a parked pick-up truck. Evans sustained injuries as a result of the accident.
III. DISCUSSION
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988). A party moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable *157 issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Within this analytical framework, this court addresses the parties’ contentions.
The Massachusetts version of the Uniform Commercial Code (“UCC”), states that “a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.” G.L.c. 106, §2-314. A contract for sale includes both a present sale of goods and a contract to sell goods at a future time. G.L.c. 106, §2-106(1). Section 2-106(1) further defines a sale as the “passing of title from the seller to the buyer for a price.” Read together, these provisions define what type of transaction gives rise to an implied warranty of merchantability, namely, (1) when the title to goods passes from seller to buyer for a price, and (2) when a contract to sell goods at a future time is formed.
Adesa argues that because no sale occurred and no contract for the future sale of the vehicle was formed, no warranty of merchantability arose so there could be no breach of the warranty. Evans asserts that the payment of a fee to Adesa in order to enter the premises and shop for vehicles was consideration that triggered the formation of a contract for the future purchase of automobiles. In the alternative, Evans avers that the payment of the fee to Adesa created a lease giving rise to the warranty of merchantability.
Evans’ argument that a contract was formed is unpersuasive. The dispositive factor here is that Evans acquired no possessory interest in the vehicle he was sitting in at the time he was injured, so the warranty of merchantability was not triggered. A warranty of merchantability arises only when a possessory interest in goods is transferred. Put another way, the warranty is triggered by a present sale of goods, a contract for a future sale of goods, or a lease of goods. See Mason v. General Motors Corp., 397 Mass. 183, 189 (1986) (no warranty of merchantability was triggered where the transaction was more analogous to a bailment than a sale); see also Back v. Wickes Corp., 375 Mass. 633, 639 (1978) (extending the implied warranty of merchantability to lease transactions); Marques v. Bellofram Corp., 28 Mass.App.Ct. 277, 281 (1990) (finding that no warranty of merchantability arose where no transfer of ownership or lease occurred); Nickerson v. Nautilus Plus II, Inc., No. 921697, 1 Mass. L. Rptr. 363, 1993 WL 818703, at * 3 (Mass. Super. Nov. 24, 1993) (holding that warranty of merchantability was not triggered where plaintiff acquired no possessory interest through a gym membership); Bonaccoloto v. Coca-Cola Enterp., Inc., No. 97-11710, 1999 WL 528816, at * 2, (Dist. Mass. Feb. 11, 1999) (ruling that warranty of merchantability not implicated where grocery store neither bought nor leased soft drink cooler). In this case, it is undisputed that no title passed from the seller to the buyer. Because no possessory interest in the vehicle passed to Evans, the warranty of merchantability was not triggered.
Evans’ argument that the fee paid to Adesa somehow created a lease also fails. A lease involves the “transfer of the right to possession and use of goods for a term in return for consideration . . .” G.L.c. 106, §2A-103(j); Carlson v. Giacchetti, 35 Mass.App.Ct. 57, 63 (1993). The fee Evans paid to Adesa bought him the right to shop for vehicles, a right analogous to purchasing a membership in a wholesale store or fitness club. These types of transactions convey no possessory interest, but merely give the right to use the premises. Similarly, Evans had the right to use the premises of Adesa for the offered service. Evans could buy a vehicle or many vehicles, but was not obligated to do so. Without a lease to create a possessory interest, no warranty arose.
IV. ORDER
For the reasons stated in this opinion, summary judgment is ALLOWED in favor of Adesa on Count VI, and so much of Count VII as arises from Count VI.

 Adesa seeks summary judgment on so much of Count VII as arises from the alleged breach of warranty of merchantability.