Kenton-Walker, Janet, J.
The plaintiff, Rachel C. Sugalski, brought this action against the defendant, BSD, Inc. d/b/a Guaranteed Fitness (“BSD”) to recover damages for injuries she suffered during a “spinning” class at BSD’s fitness club. The accident in question occurred when the screw or bolt holding the bicycle seat to the stem of the exercise bicycle Sugalski was using snapped in half. As a result, Sugalski fell to the floor, injuring her arm, hand, and wrist. In her complaint, Sugalski asserts claims for negligence (Count I) and breach of warranty (Count II) against BSD.
BSD now moves for summary judgment on both counts of the complaint. The court concludes that there is a genuine issue of material fact as to whether BSD was negligent in inspecting and maintaining the exercise bicycle. The court further concludes that Sugalski has failed to adduce evidence that BSD breached an express or implied guarantee in connection with her fitness club membership. BSD’s motion for summary judgment is therefore denied with respect to Count I and allowed with respect to Count II.
DISCUSSION
I. Count I: Negligence
In moving for summary judgment on Sugalski’s negligence claim, BSD cites to evidence that it retained an experienced exercise bicycle technician to perform periodic maintenance and inspection of the bicycles used in its spinning classes. According to the technician’s service logs, a periodic maintenance in *473 spection was performed on the bicycles just six days prior to Sugalski’s accident. The technician tested the bicycle, visually inspected the bolts, and checked to make sure the bolts were tight, but he did not discover any deficiencies.
While BSD’s evidence supports its argument that it had fulfilled its duty of care to Sugalski, this evidence is not dispositive. According to Sugalski’s expert, Veda-Anne Ulcickas, the screw in question displayed signs of wear and a fracture that had developed over a period of months. Ulcickas further opined that the screw’s fatigued condition should have been discovered during the course of a periodic inspection. In addition, the owner’s manual for the exercise bicycle instructs the owner to inspect all screws “for any adjustment, replacement or maintenance needs” as part of periodic inspections. Although the technician inspected the seat bolts, the sufficiency of his inspection remains at issue. The court cannot resolve this issue on the conflicting evidence in the summary judgment record, and will therefore deny BSD’s motion with respect to Count I. See Jupin v. Kask, 447 Mass. 141, 146 (2006) (whether defendant exercised reasonable care ordinarily presents question of fact for jury).
II. Count II: Breach of Warranty
BSD argues that “[w]arranties of merchantabiliiy and fitness for a particular purpose are, by their nature, inapposite to a contract for services like that at issue here.” See Nickerson v. Nautilus Plus II, Inc., 1 Mass. L. Rptr. 363, 363 (1993), quoting DeValerio v. Vic Tanny Int'l 363 N.W.2d 447, 449 (Mich.App. 1984). This court agrees with BSD that Sugalski cannot maintain a products liabiliiy action against it for breach of the aforementioned warranties. BSD is not a “merchant” of exercise equipment, see G.L.c. 106, §2-104(1), and did not sell or lease the exercise bicycle to Sugalski, see G.L.c. 106, §2-314. Accord Nickerson, 1 Mass. L. Rptr. at 364 (granting summary judgment in favor of fitness club on plaintiffs breach of warranty claim); Reeder v. Bally’s Total Fitness Corp., 963 F.Sup. 530, 533 (E.D.Va. 1997); DeValerio, 363 N.W.2d at 449.
Sugalski does not dispute the inapplicability of the warranties set forth under the UCC, but argues that she has a viable claim for breach of warranty based on an advertisement BSD ran that stated its fitness center had “all new equipment.” Sugalski has not submitted any evidence, however, that she relied on this representation in becoming a member of the fitness center or that she was even aware of this advertisement when she joined. There is therefore no basis for requiring “all new equipment” as either an express or implied term of the membership agreement between Sugalski and BSD.[1] Compare Anthony’s Pier Four, Inc. v. Crandall Dry Dock Eng’rs, Inc., 396 Mass. 818, 822-23 (1986) (breach of warranty based on defendant’s promise to plaintiff to design mooring system that would be sufficient to withstand expected wind and tidal conditions), and Coca-Cola Bottling Co. of Cape Cod v. Weston & Sampson Eng’rs, Inc., 45 Mass.App.Ct. 120, 128 (1998) (breach of warranty based on defendant’s promises to plaintiff that it would design wastewater treatment facility that would treat wastewater within permit requirements), with Klein v. Catalano, 386 Mass. 701, 720 (1982) (no breach of express warranty where architect did not expressly guarantee specific result).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be DENIED with respect to Count I and ALLOWED with respect to Count II.

 Neither party submitted a written membership agreement as part of the summary judgment record.